**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Richard HINES, Defendant—Appellant.**

No. 05–50119.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Becky S. Walker, Esq., Curtis A. Kin, Esq., Los Angeles, CA, for Plaintiff-Appellee.

Richard Novak, Esq., Los Angeles, CA, for Defendant-Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Richard Hines appeals from the 142–month sentence imposed following his guilty-plea convictions for mail fraud in violation of 18 U.S.C. § 1341 and promotional money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

As the district court acknowledged in its tentative ruling, Hines made factual

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

objections to statements in the pre-sentence report that concerned his role in the offense. The district court determined that it did not need to rule on these disputed facts because Hines had withdrawn his request for a minor role sentence reduction. However, because the district court imposed a four-level *increase* for an aggravating role, these disputed facts regarding Hines' role in the offense did affect sentencing, even though Hines had withdrawn his request for a sentence reduction. We therefore conclude that factual findings were required under Fed.R.Crim.Pro. 32(i)(3)(B), and we vacate and remand for resentencing. *See United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000) ("[i]t is well settled in this circuit that when the district court fails to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for re-sentencing").

■ Because the four-level aggravating role enhancement does not have an "extremely disproportionate effect" on the sentence when evaluated according to our multi-factor test, *see United States v. Jordan*, 256 F.3d 922, 928 (9th Cir.2001), we reject Hines' contention that the district court must apply the "clear and convincing" standard of proof when it considers this enhancement on remand. *See United States v. Staten*, 450 F.3d 384, 392–93 (9th Cir.2006).

**VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.